IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD A. NORTON, JR. | ) | CASE NO. CI _____ |
| Plaintiff | ) | |
| | ) | **NOTICE OF REMOVAL OF CIVIL** |
| vs. | ) | **ACTION AND REQUEST FOR** |
| | ) | **PLACE OF TRIAL** |
| THE BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA. | ) | |
| Defendant. | ) | |

Pursuant to 28 U.S.C. § 1441(b), defendant Board of Regents of the University of Nebraska ("Board") by and through its undersigned attorneys, hereby remove this case to the United States District Court for the District of Nebraska, and in support thereof state and allege as follows:

**TIMELINESS OF REMOVAL**

1. The Board has been named as Defendant in a civil action originally filed on September 17, 2012, in the District Court of Lancaster County, Nebraska, Case No. 12-3725, entitled <u>Richard A. Norton, Jr. v. The Board of Regents of the University of Nebraska</u>.

2. Plaintiff Richard A. Norton served a copy of the First Amended Complaint by mail on Defendant on September 25, 2012. This removal is timely under 28 U.S.C. § 1446(b).

3. True and complete copies of all process and pleadings received by Defendant are attached as Exhibit "A".

## BASIS FOR JURISDICTION

4. This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. §12132 and 29 U.S.C. § 794. See First Amended Complaint, ¶1.

5. Written notice of the filing of this Notice of Removal ("Notice") will be given to Plaintiff promptly after the filing of this Notice, as is required by law.

6. A true and correct copy of this Notice will be filed with the Clerk of the District Court of Lancaster County, Nebraska, as is required by law.

7. By filing this Notice, Defendant does not waive any defense and/or affirmative claims, counterclaims, or third party claims that may be available to Defendant.

WHEREFORE, Defendant hereby removes the above-captioned case from the District Court of Lancaster County, Nebraska to the United States District Court for the District of Nebraska.

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA,
Defendant

By: s/David R. Buntain
David R. Buntain - #10506
CLINE, WILLIAMS, WRIGHT,
 JOHNSON & OLDFATHER, L.L.P.
Attorneys at Law
233 South 13th Street
1900 U.S. Bank Building
Lincoln, Nebraska 68508-2095
(402) 474-6900
(402) 474-5393 (facsimile)
dbuntain@clinewilliams.com

and

John C. Wiltse - #16689
Senior Associate General Counsel
University of Nebraska
Varner Hall, Room 237
3835 Holdrege Street
Lincoln, Nebraska 68583-0745
(402) 472-1201 (voice)
(402) 472-2038 (facsimile)
jwiltse@nebraska.edu (e-mail)

## REQUEST FOR PLACE OF TRIAL

Pursuant to NELR 40.1(a)(1)(A) Defendant requests that trial of this action take place in Lincoln, Nebraska.

s/David R. Buntain
David R. Buntain

## CERTIFICATE OF SERVICE

I, David R. Buntain, hereby certify that a true and correct copy of the foregoing Notice of Removal of Civil Action and Request for Place of Trial was served by United States mail, sufficient first-class postage prepaid, this 4th day of October, 2012, upon:

Kathleen M. Neary
Vincent M. Powers & Associates
411 S. 13th Street, #300
Lincoln, NE 68501-4936

s/David R. Buntain
David R. Buntain

ND: 4829-1403-0097, v. 1

3

| | | |
|---|---|---|
| Image ID:<br>D00381813D02 | **SUMMONS** | Doc. No.   381813 |

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508

Richard A Norton Jr v. Board of Regents of the University

Case ID: CI 12   3725

TO:   Board of Regents of the Univers

**FILED BY**
Clerk of the Lancaster District Court
09/18/2012

You have been sued by the following plaintiff(s):

Richard A Norton Jr

Plaintiff's Attorney:   Kathleen M Neary
Address:                411 S 13th St Ste 300
                        P.O. 84936
                        Lincoln, NE 68501-4936
Telephone:              (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:   SEPTEMBER 18, 2012   BY THE COURT:   Sue M Kirkland
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Board of Regents of the Univers
   of Nebraska, c/o Carmen Maurer
   3835 Holdrege St.
   Lincoln, NE 68583

Method of service:   Certified Mail
Special Instructions:
First Amended Complaint, Jury Demand to be served.

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.



RECEIVED SEP 25 2012

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| RICHARD A. NORTON, JR. | ) | CASE NO. 12-3725 |
| | ) | |
| Plaintiff, | ) | FIRST AMENDED |
| | ) | COMPLAINT, |
| vs. | ) | JURY DEMAND |
| | ) | and PLURIUS PRAECIPE |
| THE BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF NEBRASKA. | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, by and through his attorney of record, and for his first amended complaint states and alleges as follows:

PRELIMINARY STATEMENT

1. Plaintiff, Richard Norton, Jr., who is an individual with a neurological and orthopedic disability, brings this civil action against Defendant Board of Regents of the University of Nebraska alleging that it violated Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 42 U.S.C. § 12132, by failure to ensure program accessibility by violating the mandate which requires public entities to ensure that their programs, services, and activities, including accessible parking to such activities, shall be readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.150.

PARTIES

2. Plaintiff Richard Norton, Jr. resides in the State of Nebraska.

3. Defendant Board of Regents of the University of Nebraska was and is a land grant institution of higher education operating within the State of Nebraska and is a public entity as defined under Title II of the ADA, 42 U.S.C.A. § 12131. Defendant receives federal aid and is subject to the federal statutes set forth herein. At all times alleged herein, the Defendant's




001191527D02

employees and agents were acting within the scope and course of their employment with the Defendant.

4. Over the course of the last four years and continuing through the present, the defendant has denied disabled persons (other than the disabled plaintiff) their statutory rights as mandated by the ADA and the Rehab Act. These other disabled individuals share common or general interest(s) with the plaintiff and with each other. Upon information and belief, the other disabled persons who have attempted to access public property or accessible parking on the defendant's property are too numerous in number to make it practicable to bring all the individuals' claims in the above captioned matter. Upon information and belief, the Plaintiff has the power as a class member to satisfy a judgment on behalf of all members of the class and that the class members desire the same outcome of this action that Mr. Norton seeks and desires.

## JURISICTION AND VENUE

5. This Court has jurisdiction over this action.

6. Venue is proper in the District of Nebraska as Defendant conducts business in this District and the events giving rise to the claims occurred in Lincoln, Lancaster, County Nebraska.

7. On October 30, 2010, the Plaintiff and his family went to the University of Nebraska-Lincoln to see an exhibit at Morrill Hall. Morrill Hall is a University of Nebraska State Museum located on UNL's city campus and is located one block south of 14th and Vine Streets in Lincoln, Lancaster County, Nebraska. Morrill Hall has dedicated street parking directly north of the museum, which includes 12 parking spaces with two of the parking spaces being designated as handicap accessible parking.

8. On home football game days, the University of Nebraska-Lincoln had a pattern and practice of converting the two designated accessible parking spots located north of Morrill Hall to accommodate football parking for University donors and/or for shuttle buses. It is unknown how long the Defendant has engaged in the discriminatory practice of denying disabled citizens accessible parking spots on home football game days. As of September 1, 2012, the Defendant was still engaged in the discriminatory practice of denying accessible parking to disabled persons and has continued to give or sell the accessible spots to Defendant's non-disabled football patrons for pre-game tailgate parties.

9. When Plaintiff attempted to park in the designated handicapped accessible parking spots on October 30, 2010, he was subjected to verbal harassment and ridicule by an employee of the Defendant and was ultimately denied access to park in the handicapped stalls. The employee said that accessible spaces were being held for "donors."

10. Plaintiff was directed to park in a lot that was a substantially greater distance from Morrill Hall (Area 7). When the Plaintiff attempted to park in the aforementioned lot, he was told by an employee of the Defendant he had to pay $15.00 to park in the designated "handicapped accessible parking space." Plaintiff showed the employee his disabled parking sticker and explained that the law prohibited them from charging disabled persons a fee to park in accessible spaces. After being subjected to verbal harassment and ridicule by the defendant's second employee, plaintiff was allowed to park in the lot for only two hours but was threatened that his car would be towed if he returned to the lot "even one minute late." The unlawful conduct of the defendant's employees was egregious.

11. The Defendant was wrongfully attempting to extort $15.00 from the disabled Plaintiff to park in an allegedly accessible designated parking space notwithstanding the fact that

3

the free parking should have been provided to the disabled Plaintiff and other similarly situated disabled individuals.

12. After Plaintiff walked from Area 7 to Morrill Hall, he experienced extreme pain him in lower limbs and feet and was required to leave the museum and immediately seek medical attention.

13. On November 28, 2011, Plaintiff filed a complaint with the Office for Civil Rights of the United States Department of Education regarding the violations of his statutory rights as set forth herein. On May 23, 2012, after conducting a full investigation of the complaint and subsequent to receiving the Defendant's confession that they were in violation of federal law, the Office of Civil Rights concluded that there was sufficient evidence to believe that the Defendant's actions were contrary to federal law.

14. The Office of Civil Rights concluded that the Defendant's conduct was non-compliant with the Rehab Act and the ADA insofar as the defendant blocked off or otherwise made unavailable the dedicated accessible parking spaces to Morrill Hall on home football game days and failed to provide alternative designated parking to Morrill Hall on said days. The Office of Civil Rights also concluded that the accessible parking location north of Morrill Hall was noncompliant with the federal law insofar as the route from said located had an irregular, unsmooth, cobblestone surface, (2) lacked a designated path from the parking to Morrill Hall's accessible entrance and (3) lacked appropriate curb cuts at the south section of the loop and 14th Street.

15. In an April 13, 2012 letter to the OCR, the Defendant acknowledged the deficiencies and violations noted herein and promised to take appropriate remedial action on or before September 1, 2012. Upon information and belief, the Defendant has failed to do so.

16. The Defendant has engaged in a discriminatory pattern and practice of denying accessible parking to disabled persons for an undetermined amount of time. Upon information and belief, the discriminatory practices have continued through the present. Said discriminatory conduct has caused irreparable harm and physical injuries to the Plaintiff (and likely to other similarly situated disabled individuals) and will continue to cause similar harm into the future if said conducted is not barred.

17. Upon information and belief, other similarly situated disabled persons have been denied their legal right to accessible and legally conforming parking as was denied to the Plaintiff. Plaintiff seeks to certify this case as a class action to prosecute the claims of the Plaintiff and all other similarly situated disabled persons for the harm proximately caused by the Defendant's unlawful actions.

FIRST CAUSE OF ACTION

TITLE II OF THE AMERICANS WITH DISABILITIES ACT

18. Plaintiff restates and incorporates by reference each of the allegations in paragraphs 1 through 17 above.

19. Plaintiff is a qualified individual with a disability.

20. Plaintiff is substantially limited in the major life activities of walking, running, climbing and use of fine motor skills. Accordingly, he is considered an individual with a disability as defined under the ADA, 42 U.S.C. § 12181 (7) (J).

21. Defendant Board of Regents of the University of Nebraska is public entity and is subject to the regulations of Title II of the ADA.

22. Defendant has discriminated and continues to discriminate against Plaintiff on the basis of his disability, in violation of Title II of the ADA.

## SECOND CAUSE OF ACTION

## SECTION 504 OF THE REHABILITATION ACT

23. Plaintiff restates and incorporates by reference each of the allegations in paragraphs 1 through 22 above.

24. Plaintiff is substantially limited in the major life activities of walking, running, climbing and the use of fine motor skills. Accordingly, he is considered an individual with a disability as defined under Section of the Rehabilitation Act, as amended, 29 U.S.C. § 794 (2)(B).

25. During all relevant times, Defendant University Board of Regents is a recipient of federal financial assistance within the meaning of 29 U.S.C §794(b)(A)(1) by virtue of its participation in federal programs including, but not limited to, the federal student loan program.

26. Defendant has discriminated and continues to discriminate against Plaintiff on the basis of his disability, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 (a).

## ATTORNEYS' FEES

27. Plaintiff is entitled to, and seeks, an award of his reasonable attorneys' fees, expenses, and costs.

## CLASS ACTION CERTIFICATION REQUEST

28. Pursuant to Neb. Rev. Stat. Section 25-319, Plaintiff seeks to certify this case as a class action and seeks to include all disabled persons who were denied program access and/or handicap accessible parking by the Defendant as required by law on the Defendant's Lincoln, Nebraska campuses and/or sustained harm as a result of defendant's violation of the ADA and/or Rehab act due to non-compliance with accessibility mandates within the last four year and continuing through the present.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court provide the following relief:

A. Issue class certification for all disabled persons who fall within the class described herein over the last four years;

B. Issue a declaratory judgment that Defendant's practices subjected Plaintiff and all others similarly situated to discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

C. Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that denies individuals, such as Plaintiff, equal access to and an equal opportunity to participate in and benefit from Defendant's educational services or programs;

D. Issue an injunction ordering Defendant to cease its discriminatory conduct and allow Plaintiff and other individuals who are similarly situated to enjoy equal access to the educational services, benefits and programs provided by the Defendant, and to promulgate policies to ensure accessibility to individuals with disabilities.

E. Award reimbursement for costs of medical expenses incurred by the Plaintiff and damages for pain, suffering, humiliation, inconvenience as the result of Defendant's failure to provide such services;

F. Award Plaintiff compensatory relief pursuant to Section 504 of the Rehabilitation Act;

G. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 29 U.S.C. § 794a (b) and 42 U.S.C. §12205; and

H. Award any and all other relief that this Court finds necessary and appropriate.

FOR: RICHARD A. NORTON, JR., Plaintiff

BY: _____
Kathleen M. Neary    20212
Vince Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508
(402) 474-8000

PLURIUS PRAECIPE

TO THE CLERK OF SAID COURT:

Please issue summons for service, via certified mail, upon Defendant at the following address:

Carmen Maurer, Secretary
The Board of Regents of the University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583

_____
Kathleen M. Neary    20212



8